# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 22-340V

|  |  |
|---|---|
| LENKA VALENTINE, | Chief Special Master Corcoran |
| Petitioner, | Filed: January 21, 2026 |
| v. | |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | |
| Respondent. | |

*Laura Levenberg, Muller Brazil, LLP, Dresher, PA, for Petitioner.*

*Nina Ren, U.S. Department of Justice, Washington, DC, for Respondent.*

## DECISION ON ATTORNEY'S FEES AND COSTS[1]

On March 29, 2022, Lenka Valentine filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that she suffered a shoulder injury related to vaccine administration following an influenza vaccine she received on November 12, 2020. Petition, ECF No. 1. On May 16, 2025, I issued a decision finding Petitioner entitled to compensation and awarding damages, following briefing by the parties. ECF No. 30.

---

[1]Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet**. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Petitioner has now filed a motion for attorney's fees and costs, requesting an award of $26,037.62 (representing $24,856.70 in fees plus $1,180.92 in costs). Application for Attorneys' Fees and Costs ("Motion") filed July 16, 2025, ECF No. 34. Furthermore, counsel for Petitioner represents that no personal out-of-pocket expenses were incurred. ECF No. 34 at 2.

Respondent reacted to the motion on July 22, 2025, indicating that he is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case but deferring resolution of the amount to be awarded to my discretion. Respondent's Response to Motion at 2-3, 3 n.2, ECF No. 35. Petitioner filed no reply thereafter.

Having considered the motion along with the invoices and other proof filed in connection, I find a reduction in the amount of fees to be awarded appropriate, for the reason set forth below.

## ANALYSIS

The Vaccine Act permits an award of reasonable attorney's fees and costs. Section 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. See *Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." Id. at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. See *Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Human Servs.*, 24 Cl. Ct. 482, 484 (1991). The Petitioner "should present adequate proof [of the attorney's fees and costs sought] at the time of the submission." *Wasson*, 24 Cl. Ct. at 484 n.1. Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private

practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S. at 434.

## ATTORNEY FEES

The rates requested for work performed through 2025 are reasonable and consistent with our prior determinations and will therefore be adopted.

Regarding the number of hours billed, I deem the *total* amount of time devoted to briefing entitlement and damages to be excessive. *See* Petitioner's Motion for Ruling on the Record, filed Feb. 20, 2024, ECF No. 26; Petitioner's Reply to Respondent's Response to Motion for Ruling on the Record, filed May 3, 2024, ECF No. 29. Petitioner's counsel expended approximately 16.30 hours drafting the entitlement and damages brief and 11.00 hours drafting the responsive brief, for a combined total of 27.30[3] hours. ECF No. 34 at 16-17.

My above calculation does not include time spent communicating with Petitioner and preparing additional supporting documentation such as affidavits or signed declarations, which is being awarded in full. *See,* e.g.*, id.* at 16 (entries dated 1/8/2024 and 1/18/2024).

Given that briefing was required for both entitlement and damages in this case, I would expect Petitioner's counsel to expend additional time to finalize any briefing. However, the time billed in this case still exceeds what that total would be[4] - although not

---

[3] This total is calculated as follows: 27.30 hours billed on 2/7/2024 (three entries), 2/8/2024 (three entries), 4/29/2024 (six entries), 5/3/2024, billed at a rate of $400.00 by attorney Laura Levenberg. ECF No. 34 at 16-17.

[4] *See*, e.g., *Baskin v. Sec'y of Health & Hum. Servs.*, No. 21-2207V (Dec. 1, 2025) (6.0 and 5.5 hours billed for drafting an entitlement and damages brief and responsive entitlement and damages brief, respectively); *Beall v. Sec'y of Health & Hum. Servs.*, No. 21-0496V (Nov. 12, 2025) (11.6 and 6.2 hours billed for drafting an entitlement and damages brief and responsive entitlement and damages brief, respectively); *Creedon v. Sec'y of Health & Hum. Servs.*, No. 21-0309V (June 18, 2025) (8.9 and 6.0 hours billed for drafting an entitlement and damages brief and responsive entitlement and damages brief, respectively); *Krebs v. Sec'y of Health & Hum. Servs.*, No. 21-0484V (June 13, 2025) (14.5 and 6.2 hours billed for drafting an entitlement and damages brief and responsive entitlement and damages brief, respectively); *Field v. Sec'y of Health & Hum. Servs.*, No. 20-1958V (June 1, 2025) (9.5 and 4.6 hours billed for drafting an entitlement and damages brief and responsive entitlement and damages brief, respectively); *Shield v. Sec'y of Health & Hum. Servs.*, No. 20-1970V (Jan. 27, 2025) (19.3 and 2.9 hours billed for drafting an entitlement and damages brief and responsive entitlement and damages brief, respectively); *Vaccaro v. Sec'y of Health & Hum. Servs.*, No. 20-1704V (Jan. 27, 2025) (8.6 and

egregiously so. The only disputed issues were related to situs, onset, and the appropriate amount of past pain and suffering. The briefing submitted was not complicated, and thus, not reflective of the amount of time billed. ECF Nos. 29-34.

Thus, I find that a reduction of *ten* percent is warranted. Accordingly, I will reduce the sum to be awarded for entitlement and damages briefing (a total of 27.30 hours, or $10,920.00) by *ten* percent. Such an across-the-board reduction (which I am empowered to adopt)[5] fairly captures the overbilling evidenced by this work, without requiring me to act as a "green eye-shaded accountant" in identifying with specificity each objectionable task relevant to this one sub-area of work performed on the case. **This results in a reduction of $1,092.00.**[6]

---

4.4 hours billed for drafting an entitlement and damages brief and responsive entitlement and damages brief, respectively); *Schwalm v. Sec'y of Health & Hum. Servs.*, No. 21-0066V (Dec. 2, 2024) (12.2 and 6.9 hours billed for drafting an entitlement and damages brief and responsive entitlement and damages brief, respectively); *Leach v. Sec'y of Health & Hum. Servs.*, No. 21-0108V (Nov. 25, 2024) (13.1 and 7.1 hours billed for drafting an entitlement and damages brief and responsive entitlement and damages brief, respectively); *Stanton v. Sec'y of Health & Hum. Servs.*, No. 21-0360V (Nov. 25, 2024) (15.9 and 4.5 hours billed for drafting an entitlement and damages brief and responsive entitlement and damages brief, respectively); *Hirsch v. Sec'y of Health & Hum. Servs.*, No. 20-1110V (Nov. 25, 2024) (16.0 and 4.1 hours billed for drafting an entitlement and damages brief and responsive entitlement and damages brief, respectively); *Templin v. Sec'y of Health & Hum. Servs.*, No. 21-1446V (Nov. 25, 2024) (12.0 and 0.4 hours billed for drafting an entitlement and damages brief and responsive entitlement and damages brief, respectively) *Kleinschmidt v. Sec'y of Health & Hum. Servs.*, No. 20-0680V (Apr. 9, 2024) (13.9 and 4.8 hours billed for drafting an entitlement and damages brief and responsive entitlement and damages brief, respectively); *Amor v. Sec'y of Health & Hum. Servs.*, No. 20-0978V (Apr. 10, 2024) (11.9 and 2.7 hours billed for drafting an entitlement and damages brief and responsive entitlement and damages brief, respectively); *McGraw v. Sec'y of Health & Hum. Servs.*, No. 21-0072V (Apr. 1, 2024) (17.4 and 9.6 hours billed for drafting an entitlement and damages brief and responsive entitlement and damages brief, respectively); *Wilson-Blount v. Sec'y of Health & Hum. Servs.*, No. 21-1400V (Oct. 25, 2023) (14.2 and 7.4 hours billed for drafting an entitlement and damages brief and responsive entitlement and damages brief, respectively); *Bidlack v. Sec'y of Health & Hum. Servs.*, No. 20-0093V (Oct. 25, 2023) (9.4 and 6.8 hours billed for drafting an entitlement and damages brief and responsive entitlement and damages brief, respectively. These decisions can (or will) be found on the United States Court of Federal Claims website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc.

[5] Special masters are permitted to employ percentage reductions to hours billed, provided the reduction is sufficiently explained. *See*, e.g., *Abbott v. Sec'y of Health & Hum. Servs.*, 135 Fed. Cl. 107, 111 (2017); *Raymo v. Sec'y of Health & Hum. Servs*, 129 Fed. Cl. 691, 702-704 (2016); *Sabella v. Sec'y of Health & Hum. Servs.*, 86 Fed. Cl. 201, 214 (2009).

[6] This amount is calculated as follows: (27.30 hrs. x $400.00 x .10) = $1,092.00.

**ATTORNEY COSTS**

Petitioner has otherwise provided supporting documentation for all claimed costs. ECF No. 34 at 19-29. Respondent offered no specific objection to the rates or amounts sought. I find the requested costs reasonable and hereby award them in full.

**CONCLUSION**

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Accordingly, I hereby GRANT, in part, Petitioner's Motion for attorney's fees and costs. **Petitioner is awarded attorneys' fees and costs in the total amount of $24,945.62 (representing $23,764.70 in fees plus $1,180.92 in costs) to be paid through an ACH deposit to petitioner's counsel's IOLTA account for prompt disbursement.** In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this decision.[7]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[7] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.